

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00179-CR

---

ANTHONY RAY JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 4204, Honorable Dale A. Rabe, Jr., Presiding

---

January 6, 2026

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

On February 15, 2024, Appellant, Anthony Ray Johnson, entered a guilty plea to one count of aggravated sexual assault of a child, a first-degree felony.[1]  The trial court deferred a finding of guilt and placed him on deferred adjudication community supervision for a period of ten years.  In December of 2024, the State filed a motion to proceed with adjudication of guilt.  The State alleged Appellant failed to comply with multiple conditions

---

[1] *See* TEX. PENAL CODE § 22.021.

of his community supervision order. Appellant pleaded "true" to three of the allegations and "not true" to seven allegations. After presentation of the evidence, the trial court found all allegations to be true, adjudicated Appellant guilty, and sentenced him to sixty years' imprisonment. Appellant timely appealed from the judgment adjudicating his guilt.

Appellant's court-appointed appellate counsel filed a motion to withdraw supported by an *Anders*[2] brief. We grant counsel's motion and affirm the judgment.

In support of her motion to withdraw, counsel has certified that she has conducted a conscientious examination of the record, and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id*. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error. In a letter to Appellant, counsel notified him of her motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed multiple documents in response. The State has not filed a brief.

By her *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently

---

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

We grant counsel's motion to withdraw and affirm the trial court's judgment.[3]

Judy C. Parker
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.